BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
MICHAEL W. MITCHELL, TEXAS STATE BAR NO. 24037126
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

**U.S. COURTS**

FEB 19 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN LEO POPE,<br><br>Defendant. | Case No. **CR 20-055 CDCN**<br><br>**INDICTMENT**<br><br>18 U.S.C. §§ 922(g)(1), 922(j), 924(a)(2) and 924(d)<br><br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

### COUNT ONE

**Unlawful Possession of Firearm**
**18 U.S.C. § 922(g)(1) and 924(a)(2)**

On or about November 6, 2019, in the District of Idaho, the defendant, JONATHAN

LEO POPE, knowing that he had been convicted of a crime punishable by imprisonment for a

term exceeding one year, that is:  on or about November 5, 2015, in the District Court of the

**INDICTMENT - 1**

Second Judicial District of Nez Perce County, Idaho, the defendant was convicted of Possession

of a Controlled Substance; did knowingly possess firearms, that is:

| Brand and Model | Serial Number | Caliber or Gauge |
|---|---|---|
| Marlin, CC550 | 25323046 | .22 |
| Remington, 597 | B2702036 | .22 |
| Mossberg, 500E Shotgun | K498633 | .410 Gauge |
| Winchester, 94 | LS6772 | .30 -30 |
| Armi Tan Foglio, Giuseppe Model GT-27 | M94566 | .25 |
| Remington, 760 | 425759 | .30-06 |
| Westernfield, 550A | None | 12 Gauge |
| Savage, 487T Series A | C804327 | .22 |
| Winchester, 94 | GS63725 | .30-30 |
| Westernfield, M830 | None | .22 |
| Charter Arms, Tiffany Blue (CH53879) | 1532724 | 38 special |
| Savage, Shotgun | 107971 | 12 Gauge |

said firearms having been shipped and transported in interstate commerce, in violation of Title

18, United States Code, Sections 922(g)(1) and 924(a)(2).

**COUNT TWO**

**Possession of Stolen Firearm**
**18 U.S.C. § 922(j) and 924(a)(2)**

**INDICTMENT - 2**

On or about November 5, 2019, in the District of Idaho, the defendant, JONATHAN

LEO POPE, knowingly possessed, received and concealed stolen firearms, that is:

| Brand and Model | Serial Number | Caliber or Gauge |
|---|---|---|
| Marlin, CC550 | 25323046 | .22 |
| Remington, 597 | B2702036 | .22 |
| Mossberg, 500E Shotgun | K498633 | .410 Gauge |
| Winchester, 94 | LS6772 | .30 -30 |
| Armi Tan Foglio, Giuseppe Model GT-27 | M94566 | .25 |
| Remington, 760 | 425759 | .30-06 |
| Westernfield, 550A | None | 12 Gauge |
| Savage, 487T Series A | C804327 | .22 |
| Winchester, 94 | GS63725 | .30-30 |
| Westernfield, M830 | None | .22 |
| Charter Arms, Tiffany Blue (CH53879) | 1532724 | 38 Special |
| Savage, Shotgun | 107971 | 12 Gauge |

which had been shipped and transported in interstate commerce, knowing and having reasonable

cause to believe the firearm was stolen, in violation of Title 18, United States Code, Sections

922(j) and 924(a)(2).

## CRIMINAL FORFEITURE ALLEGATION

**Firearm Forfeiture
18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)**

INDICTMENT - 3

Upon conviction of the offenses alleged in Counts One or Two of this Indictment, the defendant, JONATHAN LEO POPE, shall forfeit to the United States, any firearms or ammunition involved in or used in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

| Brand and Model | Serial Number | Caliber or Gauge |
|---|---|---|
| Marlin, CC550 | 25323046 | .22 |
| Remington, 597 | B2702036 | .22 |
| Mossberg, 500E Shotgun | K498633 | .410 Gauge |
| Winchester, 94 | LS6772 | .30 -30 |
| Armi Tan Foglio, Giuseppe Model GT-27 | M94566 | .25 |
| Remington, 760 | 425759 | .30-06 |
| Westernfield, 550A | None | 12 Gauge |
| Savage, 487T Series A | C804327 | .22 |
| Winchester, 94 | GS63725 | .30-30 |
| Westernfield, M830 | None | .22 |
| Charter Arms, Tiffany Blue (CH53879) | 1532724 | 38 Special |
| Savage, Shotgun | 107971 | 12 Gauge |

**Substitute Assets**. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the

INDICTMENT - 4

property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third person;

c.    Has been placed beyond the jurisdiction of the court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 19th day of February, 2020.

A TRUE BILL

*/s/ [signature on reverse]*

_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
MICHAEL W. MITCHELL
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT - 5**